UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JUSTIN MATTHEW WHITE,**
    *Petitioner*,

v.

**JOHN Q. HAMM,**
Commissioner, Alabama
Department of Corrections,[1]
    *Respondent*.

Case No. 2:21-cv-1700-CLM

## MEMORANDUM OPINION AND ORDER

Petitioner Justin Matthew White challenges his state court conviction and death sentence under 28 U.S.C. § 2254. White moves the court to stay this case pending exhaustion of his state court remedies (doc. 36) under *Rhines v. Weber*, 544 U.S. 269 (2005). For the reasons stated within, the court **DENIES** White's motion (doc. 36).

## BACKGROUND

White is incarcerated at Holman Correctional Facility under a judgment of conviction and sentence of death imposed by the Jefferson County Circuit Court.

### A.  Trial/Direct Appeals

In May 2009, a grand jury indicted White for two counts of capital murder for homicide during the commission of a burglary and rape in violation of Ala. Code § 13A-5-40(a)(3) and (4). Trial began on December 7, 2009, and three days later, the jury convicted White on both counts of capital murder. A day later, the jury voted 9-3 for a sentence of life without parole.

---

[1] When White filed his original petition, he named then-Commissioner of the Alabama Department of Corrections, Jefferson Dunn, as the respondent. The Commissioner of the Alabama Department of Corrections is now John Hamm. So under Federal Rule of Civil Procedure 25(d), the court substitutes Hamm for Dunn as the respondent. The court **DIRECTS** the Clerk of Court to terminate Dunn as a respondent listed on the docket sheet.

At the time of White's conviction, Alabama's capital punishment sentencing scheme allowed for judicial override of a jury's recommendation of a life sentence. *See* Ala. Code § 13A-5-47.1. So two months after the jury recommended White be sentenced to life without parole, the circuit court sentenced White to death.

White appealed his conviction and sentence to the Alabama Court of Criminal Appeals. That court affirmed White's conviction but remanded for resentencing, finding that the trial court failed to adequately explain its reasons for the judicial override. *See White v. State*, 179 So. 3d 170, 225 (Ala. Crim. App. 2013). On remand, the trial court again sentenced White to death.

The Court of Criminal Appeals affirmed White's death sentence. And both the Alabama Supreme Court and United States Supreme Court denied White's cert petitions.

### B.   Rule 32 Proceedings

White timely filed a pro se Rule 32 petition. White was then appointed counsel who amended his petition. The Rule 32 court granted the State's motion to summarily dismiss White's amended petition. A month later, on April 5, 2017, White moved for reconsideration of the dismissal of his petition.

Around that same time, the Alabama legislature repealed judicial override for all capital murder defendants charged after April 11, 2017. *See* Ala. Code § 13A-5-47.1. So on April 6, White moved for the court to withdraw its order denying his Rule 32 petition and to allow him to amend the petition given Alabama's decision to repeal judicial override. The next day, the court denied both the motion to reconsider and motion to withdraw its order to allow White to amend his petition.

White appealed the dismissal of his Rule 32 petition to the Court of Criminal Appeals. While that appeal was pending, White filed a second Rule 32 petition that asserted that under the "evolving standards of decency" standard, Alabama's repeal of judicial override showed that the procedure was cruel and unusual punishment that violated the Eighth Amendment. White's opening brief on appeal asked the Court of Criminal Appeals to remand his case to the circuit court to reconsider White's second petition.

The Court of Criminal Appeals affirmed the circuit court's dismissal of White's first Rule 32 petition and denied White's request to remand the case for consideration of his second Rule 32 petition. *See White v. State*, 343 So. 3d 1150 (Ala. Crim. App. 2019). In explaining its decision to deny White's request for remand, the appellate court said that it would "decline to remand this case to the lower court given that the issue White states he raised in his second postconviction petition has no retroactive application to White's sentence." *Id*. at 1192. On June 25, 2021, the Alabama Supreme Court denied review of White's first Rule 32 petition, and the circuit court regained jurisdiction over White's second Rule 32 petition.

### C.     Proceedings Before This Court

White filed this federal habeas proceeding under 28 U.S.C. § 2254 in December 2021. (Doc. 1). Though White's initial petition noted that the Rule 32 court had denied his motion to amend his first Rule 32 petition to include a claim related to the repeal of judicial override, the petition didn't explain that White filed a second Rule 32 petition that included this claim. (*See id*. at 18). The court entered its initial order in this case in January 2022, which required counsel to "immediately inform the court" when counsel learned of any unexhausted claims. (Doc. 5 at 6). The initial order also required counsel to meet with White and certify that they had explored "as fully as possible all potential grounds for relief." (*Id*. at 2). Counsel filed this certification in March 2022 without informing the court that White had a pending Rule 32 petition that included a claim that hadn't been exhausted in state court. (Doc. 7).

The Rule 32 court summarily dismissed White's second Rule 32 petition in a one-page order. (Doc. 23-1 at 30). On June 23, 2022, the last day he could appeal the order, White filed a notice that he was appealing the dismissal of his second Rule 32 petition to the Alabama Court of Criminal Appeals. Around six days later, White filed an amended complaint and motion to stay in this court—the first time White informed this court of his unexhausted claim related to the repeal of judicial override in Alabama. (*See* Docs. 17 & 19). The court denied White's motion to stay without prejudice because the motion failed to address the fact that the Supreme Court had upheld the constitutionality of Alabama's judicial override provision. (Doc. 34).

White has again moved for a stay, arguing that "[t]he question answered [by the Supreme Court] and the issue raised by Mr. White in his second Rule 32 petition are entirely different." (Doc. 36 at 9). According to the Court of Criminal Appeals docket sheet, White's appeal of the dismissal of his second Rule 32 petition was submitted to that court on the briefs in February 2023.

## STANDARD OF REVIEW

This court has discretion to stay a § 2254 proceeding to allow a petitioner to exhaust his state court remedies. *See Rhines*, 544 U.S. at 276–78. But "stay and abeyance is only appropriate when" this court "determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Plus, this court would abuse its discretion if it granted a stay when the unexhausted claim was "plainly meritless." *Id.* "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

## DISCUSSION

White says that the court should stay this case and hold in abeyance a ruling on his § 2254 petition until he exhausts his claim that Alabama's repeal of judicial override shows that under an "evolving standards of decency" standard his death sentence violates the Eighth Amendment. As explained below, the court finds this unexhausted claim "plainly meritless." So the court won't address whether White has shown good cause for his failure to exhaust or engaged in abusive litigation tactics.

The court finds White's Eighth Amendment claim related to Alabama's repeal of judicial override "plainly meritless" for two reasons. First, *Harris v. Alabama*, which upheld the constitutionality of Alabama's judicial override system, remains good law. Second, White hasn't shown why the non-retroactive 2017 repeal of judicial override should apply to him.

4

1. *Harris v. Alabama*: In *Harris v. Alabama*, the Supreme Court considered Alabama's former judicial override provision and held that the Constitution isn't "offended when a State . . . requires the sentencing judge to consider a jury's recommendation [about whether to impose a capital sentence] and trusts the judge to give it the proper weight." 513 U.S. 504, 515 (1995). White acknowledges that *Harris* is binding precedent but argues "that precedent has been rendered unconstitutional by the progress of a maturing society." (Doc. 36 at 9). White further asserts that he shouldn't be foreclosed from making an evolving standards of decency argument because applying this standard the Supreme Court has overruled its precedent allowing the death penalty for the mentally retarded and those under 18.

But there's a difference between whether lower federal and state courts or the Supreme Court can reconsider Supreme Court precedent. And even if later developments cast doubt on Supreme Court precedent, this court must follow that precedent until the Supreme Court decides to reconsider it. *See Hohn v. United States*, 524 U.S. 236, 252–53 (1998) (Supreme Court "decisions remain binding precedent until [the Court] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continued vitality"). Plus, applying *Harris* the Eleventh Circuit and district courts within this state have routinely rejected challenges to Alabama's judicial override procedure. *See, e.g.*, *Madison v. Comm'r, Ala. Dept. of Corr.*, 677 F.3d 1333, 1336 (11th Cir. 2012); *Miller v. Comm'r, Ala. Dept. of Corr.*, 826 F. App'x 743, 749 (11th Cir. 2020). This includes cases in which the petitioner made an evolving standards of decency argument. *See Taylor v. Dunn*, 2018 WL 575670, at *67 & n.119 (S.D. Ala. Jan. 25, 2018) (finding evolving standards of decency argument foreclosed by *Harris* and holding that the revision of Alabama's capital sentencing statute didn't bolster argument). Because White's evolving standards of decency claim related to the repeal of judicial override asks the court to reject Supreme Court precedent as "an outdated relic of our past," (doc. 36 at 9), the court finds this unexhausted claim plainly meritless.

2. Retroactivity: The court also agrees with Respondent Hamm that the Alabama state legislature's inclusion of a non-retroactivity provision in its repeal of judicial override shows that White's evolving standards of decency claim based on that repeal is plainly meritless. As Hamm puts it, White was

5

"explicitly exempted" from benefitting from Alabama's repeal of judicial override, which "is the best evidence that society's standards have not evolved in his favor." (Doc. 38 at 4–5). The state courts seem to agree. In declining to remand this case for consideration of White's evolving standards of decency claim, the Court of Criminal Appeals noted that the legislature's repeal of judicial override "has no retroactive application to White's sentence." *White*, 343 So. 3d at 1192. And in denying White's second Rule 32 petition, the circuit court found "no material issue of fact or law exists which would entitle [White] to relief." (Doc. 23-1 at 30).

Plus, the Supreme Court has invalidated capital sentencing schemes like Alabama's in Florida and Arizona. *See Hurst v. Florida*, 577 U.S. 92 (2016); *Ring v. Arizona*, 536 U.S. 584 (2002). But the Court has held that its determination that a jury must find the aggravating circumstance that makes a defendant death eligible does not "apply retroactively on collateral review." *McKinney v. Arizona*, 140 S. Ct. 702, 708 (2020). White hasn't shown that Alabama's decision to non-retroactively repeal judicial override should lead to a different result. In short, the court finds White's unexhausted claim related to the repeal of judicial override to be plainly meritless.

## CONCLUSION

For these reasons, the court **DENIES** White's motion to stay (doc. 36). White has until on or before **September 11, 2023** to "delete [his] unexhausted claim[ ] and to proceed with the exhausted claims" in an amended petition. *Rhines*, 544 U.S. at 278.

**Done** and **Ordered** on August 28, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE